UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                      Case No. 10-cr-197-pp

JUSTIN DANIEL WILLIAMS,

        Defendant.

---

### ORDER APPROVING STIPULATION (DKT. NO. 290), REVOKING DEFENDANT'S SUPERVISED RELEASE AND SENTENCING DEFENDANT

---

On August 1, 2011, the defendant—represented by counsel—signed a plea agreement in which he admitted to participating in a conspiracy to distribute cocaine. Dkt. No. 113. Judge Charles N. Clevert, Jr. accepted the defendant's plea on August 3, 2011. Dkt. No. 118. On November 30, 2011, Judge Clevert sentenced the defendant to serve 110 months in custody, followed by five years of supervised release. Dkt. Nos. 174, 178. The judgment contained a number of conditions of supervised release. Id. at 3-4. On May 8, 2015, this court granted the defendant's motion for a sentence reduction based on a change in the law, reducing the sentence from 110 months to ninety-two months. Dkt. No. 229.

On November 27, 2017, after the defendant had been participating for several months in the START re-entry program, the court issued an order requiring the defendant to appear due to alleged violations of supervised release. Dkt. No. 240. Specifically, the defendant had been charged with felony

1

offenses in Milwaukee County Circuit Court; the probation office asked the court to consider modifying the defendant's supervised release conditions to include GPS monitoring for sixty days. Dkt. No. 244. At a hearing on December 13, 2017, the court made that modification. Dkt. No. 245.

In May 2018, the defendant was again charged in Milwaukee County Circuit Court; the charges related to the same woman involved in the 2017 state case. Dkt. No. 256. The court issued a notice to appear. Id. The court adjourned the hearing a couple of times to allow the state case to conclude, but before the state case resolved, the defendant was charged in the District of New Jersey with conspiracy to possess and distribute heroin. Dkt. No. 265. The parties asked the court to adjourn the revocation hearing to give the defendant time to address the charges in New Jersey, and the court granted that request. Id.

Since then, the court has adjourned the revocation hearing numerous times to allow the New Jersey case to resolve. See Dkt. Nos. 270, 273, 275, 277, 279, 281, 283, 285, 287, 289. On June 8, 2021, however, the parties filed a stipulation, agreeing that the court should revoke the defendant's supervised release and sentence him to serve six months in custody, to run concurrently with the sentence imposed in the District of New Jersey, with no supervised release to follow. Dkt. No. 290. The parties explained that the defendant had been in custody since November 6, 2018. Id.

The docket for United States v. Justin Williams, 19-cr-822-ES (D. New Jersey) shows that on April 29, 2021, U.S. District Judge Esther Salas

sentenced the defendant to serve forty-two months in custody, followed by five years of supervised release. Case No. 19-cr-822 at Dkt. No. 26. This sentence followed the defendant's guilty plea. Id. at Dkt. No. 22.

The defendant has stipulated to six violations of the supervised release conditions Judge Clevert imposed in the fall of 2011—the charges he incurred in New Jersey (violation of the standard condition that the defendant must not commit new federal, state or local crimes, Dkt. No. 178 at 3); the 2018 charge in Milwaukee County, for which he was sentenced to a year and nine months (same condition); his receipt of a speeding ticket in Kenosha County in March 2018 (same condition); submission of a dilute drug test in October 2018 (Standard Condition #7, Dkt. No. 178 at 3); failure to appear on three occasions for the cognitive intervention program (Additional Condition #4, Dkt. No. 178 at 4); and a March 2018 failure to report to his probation officer as directed (Standard Condition #2, Dkt. No. 178 at 3)). Dkt. No. 290 at 1-2.

The parties agree that the highest grade of violation is Grade A (for the New Jersey conviction) and that the defendant has a criminal history category of IV. Id. at 3. They agree that the advisory guideline range for a defendant with a Grade A violation and a criminal history category of IV is 24 to 30 months. Id. The parties have agreed, under Fed. R. Crim. P. 11(c)(1)(C) and 32.1, that if the court approves their agreement, it must revoke the defendant's supervised release and sentence him to the term to which they have agreed; if the court does not approve the stipulation, the defendant has the right to withdraw from

the agreement. Id. The defendant has acknowledged and waived his rights to a revocation hearing and to speak on his own behalf in mitigation. Id.

The court **APPROVES** the agreement of the United States and the defendant. Dkt. No. 290 at 1-4.

The court **ORDERS** that the defendant's supervised release is **REVOKED**.

The court **ORDERS** that the defendant is hereby committed to the custody of the United States Bureau of Prisons for a term of **six (6) months, to run concurrently with the sentence imposed in** United States v. Williams, **Case No. 19-cr-822-ES (D. New Jersey).**

The court **ORDERS** that upon release from imprisonment, the defendant shall be placed on supervised release for a period of **zero (0) years**.

The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 14th day of June, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**